Long v. Duncan.

## DANIEL LONG v. JAMES L. DUNCAN.

1. PAROL CONTRACTS; *Statute of Frauds; Part Performance — Proof of.* To take a case of parol contract for the purchase of land out of the operation of the statute of frauds under a claim of part performance, the alleged contract should be first shown to be definite and unequivocal in its terms, and should be made out by clear and satisfactory proof; but the acts of part performance need only be shown by a preponderance of proof.

2. VERDICTS; *Special Findings; Waiver.* When special questions are submitted to a jury as well as the main issues, and by consent of parties the jury is permitted to prepare a sealed verdict, and then disperse, and upon opening the verdict it appears that no answers are made to the special questions, and the party against whom the verdict was rendered makes no effort to have the error corrected in the court below, the supreme court will consider that the omission was waived.

3. TENDER; *Order of Court; New Trial.* An omission to produce money tendered into court until the day after the court ordered it to be done, it also being after the jury were impanneled in the case, is not a ground for a new trial.

*Error from Wyandotte District Court.*

THE action below was ejectment, brought by *Long* as plaintiff. The fee of the land was in *Long* by virtue of purchase from the original patentee. The defense set up was that *Long* purchased the land for *Duncan*, with Duncan's money, (which Long loaned to Duncan,) and fraudulently took the deed in his (Long's) own name. At the date of such purchase *Duncan* was in possession of the land under a lease from one Jacob Whitecrow, who was the agent of the grantor of Long. This state of facts is relied on by the defendant to take the matter out of the statute of frauds, the alleged contract between Long and Duncan being merely parol. The questions here are as to the correctness of certain rulings and decisions of the district court on the trial, respecting which a sufficient statement of the facts and proceedings will be found in the opinion. Verdict and judgment for defendant *Duncan* at the October Term 1871. New trial refused, and *Long* brings the case here for review.

*Cobb & Alden,* for plaintiff in error:

1. The verdict is not sustained by sufficient evidence. The answer alleges that Long fraudulently took the deed to the land in his own name; yet the defendent himself testified that Long took the deed in his own name by *agreement and express direction of the defendant.* The allegations of fraud being thus rebutted by the defendant's own testimony, the verdict of the jury was clearly against the testimony, and it was error to refuse to set aside such verdict, or to render a judgment for the defendant thereon. 1 Greenl. Ev., §§ 51, 60.

2. The court erred in refusing to give the third instruction asked for by the plaintiff, that the points specified in the 2d instruction asked for by the plaintiff (and given by the court) "should be sustained by the party claiming a specific perform-ance, not only by a preponderance of testimony, but should be made clear beyond doubt." That is to say — to take a case of parol contract for the purchase of land out of the statute of frauds, under a plea of part performance, the alleged contract should be shown to be clear, definite and unequivocal in all its terms, and the acts of part performance should clearly appear to have been done solely in pursuance of the contract, and with a view to the performance of such contract — all of which must be made to appear not only by a preponderance of testimony, but should be made clear beyond doubt. This proposition surely contains the law of the case. 1 Story Eq. Jur., §§ 761 to 767; Brown on Frauds, §§ 452, 454, 472, 477; 1 Johns. Ch., 149, 283; 6 Wis., 167; 19 Wis., 99; 1 Hilliard on Vendors, 449.

3. The court erred in refusing to grant a new trial in this case on the ground "that the jury did not make the special findings as requested by the plaintiff, and instructed by the court." These findings the plaintiff was entitled to under the statute. The agreement that "when the said jurors had agreed on their verdict they might place the same in a sealed envelope and deliver the same to their foreman, and then said jurors might separate and go to their homes, and that said

verdict should be presented to the court on the following morning by their said foreman, and in the presence of such jurors as might be present," was an agreement that when the jury had arrived at *a complete finding* in the action, they might then do what was agreed upon. It was no waiver of *any* finding to which the plaintiff was legally entitled. If so it was as much a waiver of the principal verdict as the special findings. 8 Kas., 623; 29 Ind., 51; 19 Ind., 72.

4. The court having ordered the tender of the defendant to be made good by a deposit of the money tendered with the clerk of the court on or before the day set for the trial, and the money not having been deposited until the day after the trial had actually commenced, (the plaintiff being thereby deprived of his option to accept said tender and abandon his suit without further costs,) it was error to hold good the deposit so made. Code, § 131.

*J. B. Scroggs*, and *I. B. Sharp*, for defendant in error:

1. Long, plaintiff in error, repudiated the parol contract to convey the real estate set up in the answer. The question of tender therefore becomes immaterial, as such repudiation superseded the necessity of a tender as a prerequisite to enforcing specific performance of said contract. 13 Minn., 462. The alleged failure of defendant to deposit the money tendered, in court, on or before the impanneling of the jury, if true, would only be grounds for a motion to dismiss the action for non-compliance with the order of the court, but could not affect the merits of the case.

2. There was no error in refusing to give the 3d special instruction as asked by plaintiff in error. Said instruction refers solely to propositions in plaintiff's 2d instruction which was given. 5 Kas., 238.

3. The court did not err in overruling the said motion for a new trial. The plaintiff having failed to make his objections to the verdict of the jury at the time of its rendition, and before the discharge of the jury, must be held to have waived them. 8 Kas., 267; 30 Ind., 103; 14 Wis., 258.

The opinion of the court was delivered by

KINGMAN, C. J.: This was an ordinary action for the recovery of land. The defense was an equitable one, alleging that the plaintiff purchased the land for the defendant, with money that plaintiff had loaned to defendant. The issues were submitted to a jury, and in the course of the trial various questions were raised which are brought to this court for review. The first error alleged is the refusal of the court to give the third instruction asked by the plaintiff, which is as follows:

"3d.–That the above points should be sustained by the party claiming a specific performance, not only by a preponderance of testimony, but should be made clear beyond doubt."

To understand this instruction the preceding one to which it refers is quoted:

"2d.–That to take a case of parol contract for the purchase of land out of the operation of the statute of frauds, under the plea of part performance, the alleged contract should be first shown to be clear, definite, and unequivocal in all its terms; and second, the acts of part performance should clearly appear to have been done solely in pursuance of the contract alleged, and solely with a view to such contract being performed."

It is plain that this instruction, which was given, lays down the true rule for the determination of the issue made up. In many of the decisions equivalent and perhaps stronger expressions are used, as in *Phillips v. Thompson*, 1 Johns. Ch., 149, where it is said that clear and satisfactory proof of the parol contract must be presented. In *Parkhurst v. Vancortland*, id., 284, it is said that the terms of the contract must distinctly appear or be made out to the satisfaction of the court. In *Blanchard v. McDougal*, 6 Wis., 167, the court use this expression: "If the material fact, viz., the making of the contract, or its *essential* terms, are left in doubt, a court cannot decree specific performance." To the same effect is *Knoll v. Harvey*, 19 Wis., 99. These authorities

20—10 KAS.

would justify the refused instruction so far as is applied to the making of the contract, but would not justify it in making the proof of the acts done under the contract necessary to be proven beyond doubt; and this the instruction required. For this reason the court correctly refused to give it.

It is further alleged that the court erred in refusing to grant a new trial because, first, the verdict is not sustained by sufficient evidence. Under the well-established rules of this court we cannot say against the decision of the court below that the evidence was not sufficient to authorize the verdict. Another ground was the neglect of the jury to make answers to certain special questions submitted to them by the court at the instance of the plaintiff. No effort was made by the plaintiff to have this omission corrected. This court cannot say that if an attempt had been made it would not have been successful. The awkward condition in which the plaintiff found himself was the result of his own action, and he surely was bound to make some effort to correct it other than to put the court and parties to the trouble of a new trial. The failure to produce the tender in court till the day after it was ordered by the court cannot be taken advantage of in a motion for a new trial. These are all the errors complained of, and in none of them do we find sufficient cause to reverse the judgment. Judgment affirmed.

All the Justices concurring.