PETER W. MAULTBY v. THE CITY OF LEAVENWORTH.

1. DAMAGES FOR PERSONAL INJURIES; *Discharge of Jury, When Justified.* Where in an action brought by M. against the city of Leavenworth to recover damages for personal injuries, it clearly appears that M. was injured in consequence of a defective sidewalk, and that the city knew of such defect, before the court is justified in discharging the jury after the testimony of the plaintiff and rendering judgment for the city, it must also appear from such testimony that as a matter of law, contributory negligence is conclusively shown on the part of the plaintiff.

2. ———— The mere fact that plaintiff knew that the sidewalk was defective does not conclusively prove contributory negligence on his part in traveling upon it after dark.

### *Error from Leavenworth District Court.*

ACTION by *Maultby* against the *City of Leavenworth*, to recover damages for personal injuries.   The opinion states the facts.   January 19, 1882, the defendant recovered a judgment for costs against the plaintiff, who brings the case here.

*Wm. McNeill Clough,* for plaintiff in error.

*Stillings & Stillings,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This is an action brought by plaintiff in error (plaintiff below), to recover of the city of Leavenworth for damages sustained in consequence of a defective sidewalk. Passing by the formal parts, the petition alleges as follows:

"And plaintiff further avers that in the months of Novem-

ber and December, 1880, said defendant did willfully, knowingly and negligently, let and permit said sidewalk on said Sixth street, between said Choctaw street and the bridge over said Three-mile creek, in said city, to get out of repair and to be and so remain out of repair and in a dangerous condition, for a great length of time, and to the great and imminent danger of travelers passing along thereon.

"And plaintiff further avers, that on the third day of December, 1880, and between the hours of seven and eight o'clock in the evening of that day, whilst in pursuit of his lawful business, and as he had a proper and legal right to do, he was passing along said street and sidewalk, and on the west side of said Sixth street; and between said Choctaw street and the bridge over said Three-mile creek, in said city of Leavenworth, and without any fault, wrong, or negligence upon his part, he fell and was precipitated from said sidewalk on the west side of said Sixth street, to the ground on the west side thereof, which was about eight feet below the level of the said sidewalk — for the reason that said sidewalk was not properly protected by banisters and railings, or other devices of a similar or proper nature, for the protection of passengers passing over it, and because the same was improperly erected and constructed, and was allowed to remain in such dangerous condition, and after the attention of the proper authorities of said defendant had been repeatedly called thereto by and for said plaintiff and others, and after the legally-constituted authorities of said defendant had been notified that said sidewalk was *unsafe* and unfit for travel, and dangerous to pedestrians and others."

The city answered by a general denial. On the trial the plaintiff was called as a witness, and narrated the circumstances of the injury. Thereupon the defendant's counsel objected to any further testimony, because on the allegations of the petition, and the statement of the plaintiff as a witness, he could not recover, which objection and motion were by the court sustained; and thereupon the court discharged the jury from further consideration of the case, and entered judgment for the defendant. The plaintiff alleges error.

That the plaintiff was injured, and that the injury resulted from a defective sidewalk, is unquestioned; but the claim is that the plaintiff showed such contributory negligence as would

prevent any recovery. As the court stopped the plaintiff before he had finished his case, it must appear that his testimony conclusively showed contributory negligence, or else the ruling of the court cannot be sustained. Although it were conceded that the testimony as given tended to show contributory negligence, yet if by further testimony plaintiff's conduct could be so explained as to show he acted with reasonable and ordinary prudence, or if with such further testimony a proper question of fact as to the existence of contributory negligence might be presented, obviously the court erred in discharging the jury and stopping the case when it did. Its ruling can be sustained only on the proposition that as a question of law, the plaintiff's testimony conclusively disclosed contributory negligence. This we think does not appear, and therefore the court erred. A brief statement of the facts is necessary. The plaintiff was a laborer, working in a cooper shop on Sixth street, south of Three-mile creek, and boarding at a place north of Three-mile creek, on the corner of Sixth and Cherokee streets, about a block and a half from his place of work. Between his boarding house and place of work there was a sidewalk on the west side of the street. After supper he started from his boarding house to the shop for the purpose of doing some work. It was in December, after sundown — cloudy, misty, and very dark. There were some wagons standing in the street, and so he crossd over to the west side and started toward the shop on the sidewalk. He was perfectly familiar with the condition of the road and the sidewalk, having traveled it backward and forward several times a day for months. He was an old man, and walking cautiously. A board in the walk gave way under his step; he fell, and there being no railing along the outer edge of the sidewalk, he fell over and down a descent of several feet. This we think for a general statement is perhaps sufficient. And upon this we remark, in the first place, that the mere fact that the plaintiff knew the sidewalk was defective did not prevent him from using it. The logic of a converse proposition would be this: that if all the sidewalks in a city are defective, and all the citizens

are aware of it, no one could use a sidewalk except at his own peril. The city would then absolve itself from all liability by making known its omissions of duty. This is not the law. A city must discharge its duty of making its streets and sidewalks reasonably safe for public travel; and it does not necessarily release itself from liabilities to a traveler injured thereon, by mere proof that such traveler knew the condition of the street or sidewalk. As we said in the case of *Corlett v. City of Leavenworth*, 27 Kas. 673, "The fact that a person attempts to travel on a street or sidewalk after he has notice that it is unsafe, or out of repair, is not necessarily negligence." Now in this case the plaintiff was intent on business. While he knew the condition of the sidewalk, he was cautious in his action. Ordinarily a party is not obliged to forsake the sidewalk and travel in the street, for while thereby he would avoid one kind of risk, he would expose himself to another, to wit, that of injury from passing vehicles. Besides that, the condition of a street on a rainy night is not such as to invite the steps of one traveling on foot. Neither is a party, although he is aware of the condition of the sidewalk, necessarily obliged to go around the block, or travel by another street. The reasonableness of his action depends upon the distance of the surrounding way and the urgency of his need. And all this presents a question of fact for the consideration and determination of a jury. We therefore think that the district court erred in discharging the jury and entering judgment for the defendant. Obviously there was a question of fact as to whether the conduct of plaintiff was reasonably prudent. If it was, the city is not absolved from liability on account of its own negligence. (*Osage City v. Brown*, 27 Kas. 74.)

The judgment of the district court will be reversed, and the case remanded for a new trial.

All the Justices concurring.