THE CITY OF GUTHRIE v. PLEASANCE L. THISTLE.

1. DAMAGES—*Questions of Fact—Rule.* The plaintiff, while passing along on the passage way on the west side of First street, in the defendant city, at eight o'clock at night in January, when a part of the sidewalk was obstructed by stones on one side of the pavement and by an excavation on the other, tripped, in the darkness, over a piece of baling wire or something of that kind stretched across the sidewalk in connection with a building then in process of construction. She fell and was injured, and brought this suit for damages. The usual city electric light near that point was not burning, there was no danger signal at that point of danger; the plaintiff's testimony was that she was passing quietly and carefully along, that she had been in the habit of passing the point several times a day from her boarding house to her place of business, but had not seen the sidewalk in that condition before, did not know that the sidewalk had been taken up, and testified that she was walking very carefully, quietly, slowly and steadily and that, as well as she could see, there was plenty of room to walk and she thought there was plenty of room to walk. *Held:* That the case presents one which should be referred to the jury to determine the plaintiff's right of recovery

City of Guthrie v. Thistle.

under the proper instructions from the court. When such a state of facts is presented in evidence it is the province of the jury to determine all questions of negligence and care.

2. SAME—*Instructions.* An instruction from the court to the jury that it was incumbent upon the plaintiff to show, if she was injured, that it was caused by reason of the negligence of the defendant in not keeping its streets and sidewalks in repair, and that in passing upon the street she herself used reasonable and ordinary care, and that unless they so found they could not award the plaintiff damages, and further that, while the defendant was bound to use reasonable care and caution and supervision to keep its streets and sidewalks in a safe condition to travel in the ordinary mode of traveling by night as well as by day, and if it fails to do so, it is liable for injury sustained in consequence of such failure, provided the party injured is exercising reasonable care and caution. But if by ordinary care the plaintiff could have avoided the consequences herself, of the defendant's negligence, she can not recover.

4. SPECIAL FINDINGS—*Objection—Waiver.* A failure to object to the return of special findings of fact and to permit the jury to be discharged without specifically answering the inquiries which they had neglected or failed to answer, or had overlooked, is a waiver of the right to an answer, and it is too late to object to it after the jury is discharged.

*Error from the District Court of Logan County.*

STATEMENT OF THE CASE.

This was an action for damages for injuries received by reason of the negligence of the plaintiff in error.

The case was brought by the defendant in error in the district court of Logan county. Among the material averments of the petition were that on the ——— day of January, 1893, First street, a street in the defendant city, was much traveled and used by the citizens of that city and public generally, and was negligently allowed to become out of repair at a point thereon between Harrison and Oklahoma avenues, on the west side of First Street; that there was a dangerous hole or excavation at that point, and that a number of large stones extended from the west side of the street at the point referred to, east for several feet into the street almost entirely blocking that portion of the street on which the west

sidewalk at that point was laid, and that there were small wires stretched across the portion occupied by the sidewalk and at that point near the ground, and of all of which excavation and obstructions the defendant had notice but failed and neglected to improve the same for the space of five or ten days; that the obstructions and excavations were made in the construction of the Victor building; that permission had been given by the defendant to erect that building and to maintain the obstructions and excavation; that on the night following the thirtieth day of January, 1893, the excavation and obstructions were negligently allowed to remain without lights, open, exposed, and that the usual electric light at the nearest street corner was not burning, and that there was no guard stationed around or near them to inform the public or the plaintiff of the dangerous condition of the west side of First street, at that point. About 8 o'clock that night, the plaintiff was lawfully traveling on the street at the point mentioned, and along the sidewalk on the west side of First street, and at the point mentioned, and by reason of the wire and large stones obstructing the sidewalk which had been thus negligently left exposed and unguarded, she accidentally, and without fault on her part, struck one of her feet against one of the wires, or against one of the stones, and was violently thrown against another of the stones, and into the excavation, where she was greatly injured, and that she suffered personal injuries of a permanent character. She demanded damages in a large sum.

A demurrer to the petition was overruled, and the defendant answered, denying generally, and alleging that the injury, if any was sustained, was due to her own fault and negligence, and was without fault or negligence on the part of the defendant.

Upon trial of the cause the jury was instructed by the court, that:

"It was incumbent for the plaintiff to show, if she was injured, that it was caused by reason of the negligence of the defendant in not keeping its streets and sidewalks in repair, and that in traveling such streets she used reasonable and ordinary care, and that unless they so found they could not award the plaintiff damages."

And that:

"While the defendant was bound to use all reasonable care, caution and supervision to keep its streets and side-, walks in a safe condition for travel in the ordinary modes of traveling, by night as well as by day, and if it fails to do so, it is liable for injuries sustained in consequence of such failure, provided the party injured is exercising reasonable care and caution. But if by ordinary care the plaintiff could have avoided the consequences herself, of the defendant's negligence, she cannot recover."

And the court further instructed the jury, that:

"You are instructed that persons traveling upon the sidewalk of a city, which is in constant use by the public, have the right, when using the same with diligence and care, to presume, and act upon the presumption, that it is reasonably safe for ordinary travel. But if a person traveling upon a sidewalk comes to a place in the walk where there is an appearance of danger, or where they have been told that danger exists, then such person must not proceed further upon the presumption that the walk is in a safe condition, but the law requires a person, after they have notice of danger, to use care commensurate with the apparent danger, and if a person fails to so act and receives an injury, such person cannot recover damages for the injury sustained. But if, after a person traveling along a street receives notice of danger, such person, in the exercise of due care, and under the belief that they have found a safe place, attempts to pass along the street, and in such atttempt

receives an injury, which could not have been avoided by the use of a degree of care apparently sufficient to avoid the danger, then such person may recover for the injuries sustained, if caused by the negligence of the city."

The jury found for the plaintiff, assessing her damages at five hundred dollars, and also made the following findings to special interrogatories presented to the jury by the court at the request of the defendant:

"Ques. 23. If you find for the plaintiff, state what damages you allow for loss of time? (No answer).

"Q. 24. If you find for the plaintiff, state what amount you allow for incapacity to perform labor? Ans. Three hundred dollars.

"Q. 25. Was the wire wherein plaintiff's feet were caught, or tripped, the direct and immediate cause of plaintiff's fall, which resulted in her injury? A. Yes; the wire, or whatever it was that tripped her."

The counsel for the defendant filed a motion for judgment upon the special findings of fact, for the reason that they were inconsistent with the general verdict, which was overruled, as was also a motion for new trial.

*Bayard T. Hainer*, for plaintiff in error.

*Cotteral & Horner*, for defendant in error.

The opinion of the court was delivered by

McAtee, J.: It was assigned as error, that (1) the petition failed to state facts sufficient to constitute a cause of action, and that the court erred in overruling the defendant's demurrer thereto, and (2) that plaintiff's testimony showed that she was guilty of negligence, directly contributing to the injuries sustained by her, and that the direct and proximate cause of her fall was

due to the wire which caught or tripped her, without any fault or negligence on the part of the city, and hence the court erred in not sustaining the demurrer to the plaintiff's testimony, and (3) in not sustaining the motion for judgment upon the special findings of fact, for the reason that the general verdict was inconsistent with the special findings.

The first assignment of error was abandoned in the brief of the plaintiff in error, and the cause was argued upon the propositions that the court erred in not sustaining the motion for judgment, upon the special findings of fact, in as much as the general verdict assessed the plaintiff's recovery in the sum of $500, while in the special findings of fact the jury assessed the amount of plaintiff's recovery in the sum of $300; and that the special findings of fact were inconsistent with the general verdict of the jury and should control it, and that judgment should have been rendered accordingly.

This proposition is not applicable here for the reason that the finding of the jury, that they allowed $300 for incapability to perform labor, and did not include all the elements of damage admissible and which would be included in a general verdict for damages in a suit of this character. Such additional elements of damage would include bodily injuries, pain and suffering, as well as mental suffering, in addition to that loss which they found she had suffered by reason of her incapacity to perform labor. And the finding that a specified sum was found to be the equivalent for a particular element of lost, does not render a verdict invalid for a larger sum, which necessarily includes in its estimation, other proper elements of damage. ( *Winstead v. Standeford*, 21 Kan. 270).

If the plaintiff in error proposed to avail himself of the failure of the jury to make a finding to the twenty-third interrogatory it should have been done at the time that the special findings of fact were returned by the jury. A failure to object to the return of special findings of fact and to permit the jury to be discharged without specifically answering the inquiries which they had neglected or failed to answer, or had overlooked, is a waiver of the right to an answer. The application should have been made to the court to require an answer, and an exception taken at the time, if the application had been overruled. (*Long v. Duncan*, 10 Kan. 294; *Vator v. Lewis*, 36 Ind. 288; Thompson on Trials, § 2685; *Bradley v. Bradley*, 45 Ind. 67; *Barkow v. Sanger*, 47 Wis. 500).

Upon the second proposition of error, that the "testimony in this case conclusively shows that the plaintiff was guilty of negligence directly contributing to the injuries sustained by her, and that the direct and proximate cause of plaintiff's falling was due to a small baling wire which caught or tripped her as she was attempting to pass on the sidewalk, proceeding side-ways." This proposition presented here is that, if the plaintiff observed or was made aware of some difficulties which existed at the point mentioned in the petition, and yet attempted to pass over the sidewalk at that point and suffered injury thereby, that she was thus guilty of such contributory negligence as would preclude her recovery, and that, as a matter of law, the jury should have been thus instructed, or the demurrer to the plaintiff's evidence sustained or judgment entered for the plaintiff in error here. This proposition as thus stated and contended for by the plaintiff in error, has not been sustained by previous

decisions of this court, nor do the facts in the case justify us in sustaining that view to be the law, upon the facts as they appeared in the evidence.

While the testimony showed that the plaintiff saw that there was an obstruction over which she stumbled, when she got up to it, and that she thought there was plenty of room for her to walk right along on the sidewalk, and that she caught her foot on a little piece of baling wire, and she thought that was the thing that made her fall, it yet also appeared that the event occurred at 8 o'clock at night, in January, and that the electric light at the corner of the street near by was not burning, and that she was in the habit of coming along that street repeatedly to and from her boarding house to her place of business; that there was no warning or danger signal near to the point where the obstructions were, and the territory where the injury occurred; that there was a path eighteen inches wide, where she could have proceeded safely but for the wire; that the wire was stretched from side to side of the sidewalk at different places at that point, and that she had never seen the sidewalk in that condition before; that she had never noticed that the sidewalk had been taken up or anything done there before she was hurt; that at the time the injury occurred she could not see that there was an obstruction there, and building going on and digging done; that she could only see the width of the sidewalk in front of her, and distinguish it as different in color from the adjacent soil of the street; that she walked "very carefully, believing that she had about the width of eighteen inches to walk upon" and could walk safely over it by being careful; that she was walking "very quietly and slowly and steadily" and that "as well as she could see there was plenty of room to walk," and that she thought it was left there on purpose

as a passage way, and could not see any walk around any other way, and that she was going along "very quietly," and something caught over one foot first, and then she went to put the other up and it caught and she fell, and it seemed to her at the time to be baling wire, and that when it came across her foot it seemed to be like something smooth.

There was evidence here to show that the absence of the usual light at the corner of the street, and the absence of a danger signal, and existing dangerous conditions of the excavation by the sidewalk, and large stones unloaded there occupying the sidewalk, and baling wire stretched across from side to side upon the sidewalk in connection with the building which was in process of construction, or about to be erected, at the point where the public, including the plaintiff, had a right to pass, and had a right to presume that the passage way was in a safe condition, were circumstances which should be left to the jury to determine the plaintiff's right to recover. And the defendant's rights were protected when the court instructed the jury that, notwithstanding the averments of her petition were proven, she could yet, not recover, if they found that she was in the attempt to pass the point of obstruction not in the exercise of due and reasonable care. Upon the state of facts adduced in evidence here, the court gave the proper instructions to the jury, and it is not reversible error, but is correct, for the court to have told the jury, as it did, that, under such circumstances, the question was one for the jury to determine whether the plaintiff was in such due and reasonable care at the time as to entitle her to recover as against the defendant. It was incumbent upon the city to keep its streets and sidewalks reasonably safe for public

travel, and it is not released from this liability by reason of the defective condition of the sidewalks by the mere fact that the plaintiff could see that the street was not in its usual condition. And the mere fact that the plaintiff attempted to pass over the street after having noticed that there was something wrong with it, does not, of itself, constitute negligence, and would not have justified the court in taking the case from the jury. (*Maulthy v. Leavenworth*, 28 Kan. 745; *Oklahoma City v. Welch*, 3 Okla. 294).

The judgment of the lower court is affirmed.

Dale, C. J., having presided in the court below, and Keaton, J., having been of counsel, not sitting; all the other Justices concurring.