## TOWN OF GRANITE v. YOUNG et ux.

No. 14723—Opinion Filed Sept. 30, 1924.

Corrected and Refiled Dec. 23, 1924.

**1. Appeal and Error—Objections and Exceptions—Necessity.**

In order to present errors of procedure on appeal to this court for review it is not enough to sit by and witness errors committed in the trial of the case, and raise no objections, and point out no way for correction, and simply announce an exception. The complaining party must raise his point by a timely objection addressed to the court invoking rule of the court and the exception must be based upon the ruling made.

**2. Insufficiency of Record.**

The record examined, and held, not sufficient to present the errors complained of and urged in the brief of plaintiff in error.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Greer County; T. P. Clay, Judge.

Action by A. M. Young and Mary L. Young against the Town of Granite for damages for the death of their minor son. Judgment for plaintiff and defendant appeals. Affirmed.

Van Dyke & Arnett and H. D. Henry, for plaintiff in error.

Keys & Rakestraw and W. B. Garrett, for defendants in error.

Opinion by THREADGILL, C. This action was prosecuted in the district court of Greer county by the defendants in error, as plaintiffs, against the plaintiff in error, as defendant, and, for convenience, the parties will be referred to herein as they appeared in the district court. The plaintiffs sought to recover damages for the death of their minor son caused by the alleged negligence of the defendant in permitting a high tension electric wire connected with its electric light plant to come in contact with a telephone wire, causing said telephone wire to be highly charged with electricity, and their minor son and only child, John L. Young, riding horseback and crossing the street, coming in contact with said telephone wire, was electrocuted, and without fault on his part, and their damage in the sum of $9,000.

The defendant answered by general and special denial and pleaded full and complete settlement for all damages sustained with the Southwestern Bell Telephone Company.

The issues were tried to a jury on March 26, 1923, and resulted in a general verdict for $1,500, and the court entered judgment accordingly. In submitting the case to the jury, the court, upon request of the defendant, submitted three interrogatories to the jury for their answers as follows:

"1. What, if any, pecuniary or money return or benefit would the young man, Lawrence Young, have made to his parents, the plaintiffs herein, per year, considering the board, clothing and education of the said Lawrence Young from the date of his death until he was of the age of twenty-one?

"2. What amount in money would the said Lawrence Young have contributed to the support of his parents for the whole of said time, to wit, five years and three months?

"3. What amount as shown by the proof measured in money would the said Lawrence Young have contributed to the plaintiffs herein, after he arrived at his majority?"

The jury returned a general verdict as above stated for $1,500, but failed to answer the interrogatories. The verdict was received and read by the clerk and filed, and then it was discovered that the special interrogatories propounded had not been answered, and the court directed the jury to retire to their jury room again and answer the interrogatories. The jury retired and, some time thereafter, returned into open court and announced that they had been unable to agree upon answers to the interrogatories, and they further announced

that they were now unable to agree upon the verdict and the court informed the jury that the verdict had been returned, read and filed, in the cause and the same could not now be withdrawn by the jury, and thereupon the court directed the jury again to retire and further consider the interrogatories, and some time thereafter, the jury returned into open court and again announced that they were unable to agree upon answers to the said interrogatories, and thereupon the court discharged the jury from further consideration of the case.

The record discloses that the defendant made no objection to filing and recording the verdict of the jury, and made no objection to the failure of the jury to agree to answers to the interrogatories, and made no objection to the discharge of the jury.

The defendant appealed by petition in error and case-made, and alleges four assignments of error as follows:

"1. That the court erred in overruling motion of plaintiff in error for a new trial. 2. That the court erred in refusing to allow the jury to render a verdict, but that said court usurped the power and authority to amend or reverse any agreement which it might have had, so long as it was still in being and having the cause in consideration. 3. That the court erred in ruling out legal and competent evidence on the part of the plaintiff in error. 4. That the court erred in admitting evidence on the part of the defendant in error."

In its brief the defendant urges only the second assignment and seems to abandon the rest of the assignments.

The only evidence in the record that defendant made any objections to the proceedings of returning and filing the verdict and discharging the jury is in the journal entry, where, after quoting the language of the verdict and the names of the jurors signing it, the statement follows, "to which verdict and findings of the jury the defendant then and there excepted." From this it would appear that the defendant excepted to the verdict as rendered, and the findings of the jury that they could not agree on answers to the interrogatories.

We cannot tell from the record what the exception to the verdict goes to, whether to its form or substance or filing, neither can we tell what the exception to the findings of the jury goes to, except the finding that they could not agree on answers to the interrogatories. There was no objection to any of these proceedings calling for a rule of the court, and, without a timely objection addressed to the court in the trial

proceedings, the irregularity, if any, is waived. City of Guthrie v. Thistle, 5 Okla. 517, 49 Pac. 1003; Kuhl v. Supreme Lodge Select Knights and Ladies, 18 Okla. 383, 89 Pac. 1126.

It is not enough to sit by and witness the error committed and raise no objection, and point out no way for correction, and simply announce an exception to the procedure. The complaining party must raise his point by a timely objection addressed to the court invoking some rule of the court, and the exception must be based upon the rule of the court.

Again, the defendant complains, by his second assignment of error in his petition in error, "that the court erred in refusing to allow the jury to render a verdict, but that said court usurped the power and authority to amend or reverse any agreement which it might have had so long as it was still in being and having the same cause in consideration." The first part of this statement is not in harmony with the statement above referred to in the journal entry, that the defendant excepted to the verdict and findings of the jury. The exception mentioned in the journal entry presupposes a verdict rendered. The assignment of error does not recognize a verdict rendered, and assigns as error that the court refused to allow the jury to render a verdict. If the exception had been good the assignment of error is not sufficient to present any question involving the verdict returned, but assigns error for not permitting a verdict to be returned. The assignment of error presented to this court for review must follow and be in harmony with the error complained of by exception.

As to the other part of this assignment, under No. 2 of the petition in error, we are not able to determine what is meant, and are not able to find in the record anything it refers to and complains of as erroneous. We do not think the record in this case is sufficient to present any error for this court to consider, neither does the record show that any of the constitutional or statutory rights of the defendant were violated. We, therefore, recommend that the judgment be affirmed.

By the Court: It is so ordered.