LITTLE, Administrator, vs. THE CITY OF MADISON.

MUNICIPAL CORPORATIONS: *Liability for injuries caused by exhibition of wild animals, on streets, frightening teams.*

Where a city licenses an exhibition of wild animals (in this case two large bears), knowing that it is calculated to frighten horses and endanger the lives and property of persons traveling in the streets, and the officers and agents of the city knowingly and carelessly allow one of its streets to be obstructed by such exhibition, and a person traveling with a team along such street is injured in consequence of the team becoming thereby frightened and unmanageable, the city is liable in damages.

APPEAL from the Circuit Court for *Dane* County.

The plaintiff appealed from an order sustaining a demurrer to his complaint as not stating a cause of action.

The substance of the complaint is stated in the opinion.

For the appellant, a brief was filed by *Gill, Bashford & Spilde*, and the cause was argued orally by *Mr. Gill* and *Mr. Bashford*. They contended, 1. That the city was liable under the statute (R. S., ch. 19, secs. 120, 126) for injuries caused by

the insufficiency or want of repair of a street; that this pro-
vision applied to the space outside of the traveled road and
within the highway limits, the city being bound to keep the
whole highway clear of anything that can jeopardize the safety
of the traveling public (Wood on Nuisances, sec. 326, and
cases there cited; *Wheeler v. Westport*, 30 Wis., 392; *Mat-
thews v. Baraboo*, 39 id., 674); that objects within the limits
of the highway naturally calculated to frighten horses of or-
dinary gentleness may constitute such a defect as to render
the corporation liable, even though so far removed from the
traveled path as to avoid all danger of collision (Shearm. &
Redf. on Neg., § 388; *Foshay v. Glen Haven*, 25 Wis., 288;
*Kelley v. Fond du Lac*, 31 id., 179, 188, 189; *Chamberlain
v. Enfield*, 43 N. H., 358; *Bartlett v. Hooksett*, 48 id., 18;
*Morse v. Richmond*, 41 Vt., 435; *Ayer v. Norwich*, 39 Conn.,
376; *Chicago v. Hoy*, 75 Ill., 530); that towns are held to a
higher degree of diligence in removing objects unlawfully
placed in a highway by private persons, than in removing
equally dangerous natural objects incident to the region, or
thrown upon the margin in constructing the road (*Morse v.
Richmond* and *Ayer v. Norwich, supra*); and that the fact
that the obstruction or defect existed through the fault of an
officer of the corporation, would be evidence from which a
jury might find knowledge of its existence on the part of the
city. *Hardy v. Keene*, 52 N. H., 370; *Ward v. Jefferson*, 24
Wis., 342; *Goodnough v. Oshkosh*, id., 549; *Weisenberg v. Ap-
pleton*, 26 id., 56; *Harper v. Milwaukee*, 30 id., 365; *Bar-
stow v. Berlin*, 34 id., 357. 2. That the defendant city is, by
its charter, under special obligation to maintain its streets in
good order and safe condition for travel, to prevent incum-
brances and obstructions upon them, to abate all nuisances,
and to license and regulate the exhibition of shows of all kinds
within its limits, and is clothed with ample power to these
ends, as well as with all the general powers of municipal cor-
porations at common law (Charter, P. & L. Laws of 1868,

1272); that municipal corporations accept their charters upon an implied contract with the state that they will discharge their corporate duties; and this contract inures to the benefit of every individual interested in its performance (*Weightman v. Washington*, 1 Black, 39; *Nebraska City v. Campbell*, 2 id., 590; *Weet v. Brockport*, 16 N. Y., 161; *Pittsburg v. Grier*, 22 Pa. St., 54; Cooley's Con. Lim., 247, 248; Shearm. & Redf. on Neg., § 125); and that this last proposition is not open for discussion in this court. *Colby v. Beaver Dam*, 34 Wis., 285. Whether it was the absolute duty of a city, under such a charter, to abate nuisances, as it is to keep its streets in repair, so that the corporation is liable for the neglect of such duty, is left undecided in *Kelley v. Milwaukee*, 18 Wis., 83; but such liability cannot be questioned if the corporation has ample power to remove the nuisance, and especially if it is created by the city, or exists directly or indirectly through its agency. Wood on Nuis., sec. 774, and cases there cited; Wharton on Neg., § 265, and cases there cited; *Harper v. Milwaukee, supra*. To the point that the obstruction alleged in the complaint was a *nuisance*, counsel cited Wood on Nuis., secs. 250, 251, 269. To the point that an action could be maintained against a natural person or private corporation under similar circumstances, they cited Shearm. & Redf. on Neg., 187, 188, 195, 587–8; Wharton on Neg., 835–7, 925; Wood on Nuis., secs. 292, 295; 2 Dillon on Mun. Corp., § 521, and note 1 on p. 625; *McKone v. Wood*, 5 Carr. & P., 1; *House v. Metcalf*, 27 Conn., 631. On the general liability of a corporation for lack of efficient care and supervision of streets which are under its exclusive control, so as to secure the safety of the traveling public, counsel further cited *Wendell v. Troy*, 39 Barb., 329; *S. C.*, 4 Keyes, 261; *Todd v. Troy*, 61 N. Y., 506; *Chicago v. Robbins*, 2 Black, 418; *Milwaukee v. Davis*, 6 Wis., 377; *Mayor etc. v. Perdue*, 53 Ga., 607; *Chapman v. Mayor*, 55 id., 566; *Rosenberg v. Des Moines*, 41 Iowa, 415; *Chicago v. Hoy, supra*. The rule

that an express statute is necessary to render municipal corporations liable for neglect of corporate duty, is confined strictly to the neglect of duties which are imposed upon all such corporations in the state, without the corporate assent and exclusively for public purposes; and when a special duty is imposed upon such a corporation with its consent, express or implied, or a special authority is conferred at its request, it is subject to the same liability for negligence in the performance of such duty, or the exercise of such authority, as private corporations, including their liability for the wrongful neglect, as well as the wrongful acts, of their officers and agents. *Bigelow v. Randolph*, 14 Gray, 541, 543; *Drake v. Lowell*, 13 Met., 292; *Hannon v. St. Louis*, 62 Mo., 313; *Eastman v. Meredith*, 36 N. H., 284, 293; *Mayor v. Furze*, 3 Hill, 612; *Conrad v. Ithaca*, 16 N. Y., 158; *Hickok v. Plattsburg*, id., 161, note; *Philadelphia v. Collins*, 68 Pa. St., 106; *Jones v. New Haven*, 34 Conn., 1, and cases there cited; *Parker v. Mayor of Macon*, 39 Ga., 725; Cooley's Con. Lim., 248.    3. That in respect to acts done by municipal corporations in what may be called their *private* character, in the management of property or rights voluntarily held by them for their own immediate profit or advantage as a corporation (though accruing ultimately to the benefit of the public), they are liable for all resulting injuries, irrespective of the question of negligence, precisely as an individual or private corporation would be in the exercise of a remunerative franchise. Wharton on Neg., §§ 250, 266; Wood on M. & S., sec. 462; Wood on Nuis., sec. 745; Cooley's Con. Lim., 247, 248; 1 Dillon on Mun. Corp., §§ 39, 778; *Bailey v. Mayor*, 3 Hill, 531; *Weet v. Brockport, supra; Oliver v. Worcester*, 102 Mass., 489; *Thayer v. Boston*, 19 Pick., 511; *Pittsburg v. Grier*, 22 Pa. St., 54; *Philadelphia v. Gilmartin*, 71 id., 140; *Mayor etc. v. Cullens*, 38 Ga., 334; *Clark v. Washington*, 12 Wheat., 40; *Weightman v. Washington*, 1 Black, 39; *Mersey Docks v. Gibbs*, 11 H. L. Cas., 687;

*Mayor etc. v. Henley*, 1 Bing. N. C., 222; *Yielding v. Fay*, Cro. Eliz., 569; *Scott v. Mayor*, 2 H. & N., 205; 1 id., 59. To the point that the power of the defendant city to license and regulate shows is a remunerative franchise, they compared the various provisions of the charter upon that subject, with the general law in force when the city was incorporated (ch. 32, R. S. 1849; ch. 39, R. S. 1858), and cited, further, Cooley on Tax., 405; Cooley's Con. Lim., 201, and note 4; Dillon on Mun. Corp., §§ 291, 294; and to the point that the issue of a license to carry on a dangerous avocation, made by city officers within the scope of their employment, is a corporate act, for which the city is liable, they cited *Cole v. Nashville*, 4 Sneed, 162; *State v. Shelbyville*, id., 176. 4. That the circuit court had jurisdiction to entertain this action, although no notice, like that required by ch. 86, Laws of 1875, had been served upon the city authorities, the provisions of that chapter not applying to cities (*Beaudette v. Fond du Lac*, 40 Wis., 44), and, although plaintiff had not first presented his claim to the common council for allowance under sec. 24, ch. 7 of the charter, the provisions of the charter on that subject being similar to those of ch. 13, R. S., relating to claims against counties, and not being applicable to actions for unliquidated damages founded in tort. *Stringham v. Supervisors*, 24 Wis., 594.

For the respondent, a brief was filed, signed by *H. S. Orton* as attorney, and *Frank E. Parkinson*, of counsel, and the cause was argued orally by *Mr. Parkinson*. They contended that the complaint is insufficient. 1. It does not allege that *Carr*, the owner and licensee of the bear show therein mentioned, while exhibiting under his license, knew the dangerous character of such exhibition. *Scribner v. Kelley*, 38 Barb., 14. He was not an agent or servant of the city by virtue of his license, and is not included in the averment of knowledge. *Dorlon v. Brooklyn*, 46 Barb., 604; *Fowle v. Alexandria*, 3 Pet., 398. 2. It does not show that defendant had due and suf-

ficient notice. *Cuthbert v. Appleton*, 22 Wis., 642; *Good-nough v. Oshkosh*, 24 id., 549; *Cook v. Milwaukee*, id., 270. The granting of a license by the city clerk is not notice, actual or constructive. No *facts* are alleged from which notice can be presumed. It is not alleged, nor can it be presumed, that the license authorized Carr to place his bears in public streets. And where an obstruction is placed on the highway without authority of the city government, the city is not liable until after *actual* notice. *Hume v. Mayor*, 47 N. Y., 639; *Hart v. Brooklyn*, 36 Barb., 226; *Colley v. Westbrook*, 57 Me., 181; *Mayor v. Sheffield*, 4 Wall., 189. The notice must be brought home to the proper authorities (*Bank of Pittsburgh v. White-head*, 10 Watts, 397; *Nichols v. Boston*, 98 Mass., 39; 36 Barb., 226; 22 Wis., 642; 24 id., 270, 549); and the only officer who had authority to act in case of a defect in the street, was the street commissioner. *Kittredge v. Milwaukee*, 26 Wis., 46. And the complaint should have alleged specifically what kind of notice was given, and to whom it was given, so that the court might judge whether it was sufficient. *Wallis v. Scott*, 1 Strange, 88; *Bach v. Owen*, 5 Durnf. & E., 409; *Saunderson v. Bowes*, 14 East, 500; *Prather v. Lexington*, 13 B. Mon., 559. 3. There is no averment that state street was insuffi-cient or in want of repairs. As there is no common-law liability on the part of cities for neglect to repair streets, the duty of the defendant city in that respect, under sec. 120, ch. 19, R. S., is limited by the express enactments of that statute, and cannot be extended by construction (*Morey v. Newfane*, 8 Barb., 645; *Eastman v. Meredith*, 36 N. H., 284; *Dimock v. Suffield*, 30 Conn., 129; *Hixon v. Lowell*, 13 Gray, 59; *Bigelow v. Randolph*, 14 id., 541; *Jenks v. Wil-braham*, 11 id., 142; *Sawyer v. Northfield*, 7 Cush., 490; *Tis-dale v. Norton*, 8 Met., 388; *Harper v. Milwaukee*, 30 Wis., 365, and cases there cited), but the statute must be strictly construed as applying only to causes of injury *which constitute defects or want of repair in the way itself*. *Hixon v. Lowell*,

*supra; Davis v. Bangor*, 42 Me., 522; *Stanton v. Spring-field*, 12 Allen, 566; *Kingsbury v. Dedham*, 13 id., 186; *Barber v. Roxbury*, 11 id., 318; *Keith v. Easton*, 2 id., 552; *Cook v. Charlestown*, 98 Mass., 80; *Macomber v. Taunton*, 100 id., 255; *Franklin Turnpike Co. v. Crockett*, 2 Sneed, 271; *Ward v. Jefferson*, 24 Wis., 342; 35 Pa. St., 284. In *Foshay v. Glen Haven*, 25 Wis., 288, this court has indeed held that "a hollow, burnt and blackened log, lying close beside the traveled part of the road, calculated to frighten horses," was a deficiency in the highway. But this was a fixture in the road, a physical defect, like the boulders in *Wheeler v. Westport*, 30 Wis., 392; the town had at least constructive notice of it; and it had also full authority and ample means to remove it. To bring this bear show within the principle of that decision, it must have been such a physical obstruction as the street commissioners were authorized to remove. It is not pretended that it could have been removed under secs. 101 and 102, ch. 19, R. S. Overseers of roads may remove snow and ice, trees and stumps, logs and boulders; but by what authority could the street commissioners have removed Carr and his bears? *Ray v. Manchester*, 46 N. H., 59; *Davis v. Bangor*, 42 Me., 522. 4. It does not appear from the complaint that the bear show in question was a public nuisance, for failure to abate which by its police force, or for licensing which, the city was liable. (1) There is no sufficient averment to show that the exhibition *was a nuisance*. There is no authority for holding, and the court cannot hold as a matter of law, that an exhibition of tame bears is a public nuisance. It is alleged, indeed, that the exhibition was calculated to frighten teams and to endanger the lives and property of persons traveling on the street; and plaintiff relies on the general definition of a nuisance, "whatever does harm," etc. But "by such a rule everything at times would be a nuisance." *Kelley v. Milwaukee*, 18 Wis., 83. Railways, windmills, martial music, cannon, fire works, and many other things, are well calculated

to frighten horses, or are otherwise very dangerous, and are actually the source of immense injury; yet courts never declare them public nuisances *per se,* because the utility outweighs the danger. So tame bears are useful to their owners as a means of procuring a livelihood, and to the public as a legitimate source of holiday delight; and if they are to be outlawed in this state, it will require an act of the legislature. (2) Sec. 5, ch. 4 of the charter, enumerates certain things which it declares "shall be deemed public nuisances;" and, bear shows not being included in this enumeration, the city had no authority to declare such a show a nuisance, or to abate it as such. *Yates v. Milwaukee,* 10 Wall., 497. (3) There were no ordinances of the defendant city authorizing the police to remove Carr and his bears from the street; and the absence of such ordinances creates no liability on the part of the city, since the passing of ordinances is a discretionary exercise of *legislative* power. *Levy v. Mayor,* 1 Sandf. S. C., 465. Moreover, a city is never liable in civil damages for the insufficiency or negligence of its police force. *Griffin v. Mayor,* 9 N. Y., 456; *Hickok v. Plattsburg,* 15 Barb., 427; *Howe v. New Orleans,* 12 La. An., 481; *Mitchell v. Rockland,* 41 Me., 363; *Buttrick v. Lowell,* 1 Allen, 172; *Kimball v. Boston,* id., 417; *Prather v. Lexington, supra.* Besides, the holding of any kind of a show in the public streets after the manner of the custom not being a public nuisance, the police of a city might well hesitate to interfere with such an exhibition as that here in question. Angell on Highways, § 228; *Rex v. Smith,* 4 Esp., 109; *Rex v. Great Canfield,* 6 id., 136; *Rex v. Sarmon,* 1 Burr., 516. (4) The *granting of a license* for a public show, by the common council, is the exercise of a discretionary power of a legislative character; and for error of judgment therein, the city is not liable in civil damages. Every presumption of good motives will be made in favor of the council. *Kelley v. Milwaukee,* and *Levy v. Mayor, supra; Reynolds v. Shreveport,* 13 La. An., 426;

9 Mich., 165; 2 Denio, 433; 19 Ga., 471. (5) While the council may authorize and regulate shows, they have no authority to set up exhibitions of the dangerous character alleged. And for such conduct they alone must answer, and not the city. *Horn v. Baltimore*, 30 Md., 218; *Mayor etc. v. Eschbach*, 18 id., 276; *Boyland v. Mayor*, 1 Sandf. S. C., 27; *Cuyler v. Rochester*, 12 Wend., 165; *Mayor v. Cunliff*, 2 Coms., 165; *Morrison v. Lawrence*, 98 Mass., 219; *Anthony v. Adams*, 1 Met., 284; *Small v. Danville*, 51 Me., 359; *Fowle v. Alexandria* and *Prather v. Lexington, supra.* (6) The license alleged was simply " to give a bear show;" and this was presumably a license to give it in a legitimate and proper place and manner, not negligently jeopardizing the lives and property of the public. *Mayor etc. v. Baumberger*, 7 Rob., 219; *Borough of West Chester v. Apple*, 35 Pa. St., 284. And, if the licensee gave the exhibition in the dangerous manner alleged, it was done in his own wrong, and the city is not liable by reason of the license. *Barber v. Roxbury*, 11 Allen, 321; *Davis v. Dudley*, 4 id., 557; *Shepherd v. Chelsea*, id., 113; *Alger v. Lowell*, 3 id., 402; *Kidder v. Dunstable*, 7 Gray, 104; *Vinal v. Dorchester*, id., 421; *Murdock v. Warwick*, 4 id., 180; *Requa v. Rochester*, 45 N. Y., 129; *Ray v. Manchester*, 46 N. H. 59; *Davis v. Bangor, Borough of West Chester v. Apple, Boyland v. Mayor, Levy v. Mayor, Prather v. Lexington*, and *Kelley v. Milwaukee, supra; Dorlon v. Brooklyn*, 46 Barb., 604; *Griffin v. Mayor*, 9 N. Y., 456; *Seward v. Milford*, 21 Wis., 485; *Houfe v. Fulton*, 29 id., 296. (7) The power to regulate shows by means of a license fee is part of the police power of the city, with which it is charged, and which it exercises, for the public good, not for any private interest of its own. And, while the city is under moral obligation to provide for the public welfare in that respect by wise and efficient means, it cannot be held responsible for the discharge of such duties in civil damages. *Jones v. New Haven*, 34 Conn., 1; *Hooper v. Emery*, 14 Me., 377; *Bigelow v. Randolph*, 14

Gray, 541; *Oliver v. Worcester*, 102 Mass., 499; *City of Detroit v. Corey*, 9 Mich., 165; *Eastman v. Meredith*, 36 N. H., 284; *Bailey v. Mayor*, 3 Hill, 531; *Lloyd v. Mayor*, 5 N. Y., 369; *Western College, etc., v. Cleveland*, 12 Ohio St., 375; *Griffin v. Mayor, Levy v. Mayor*, and *Kelley v. Milwaukee, supra*.

Counsel further contended that the fact that such a case as this has never been decided in this country, creates a strong presumption that such an action will not lie. *Jones v. New Haven*, and *Griffin v. Mayor, supra; Scribner v. Kelley*, 38 Barb., 14; *Russell v. Men of Devon*, 2 Term, 667.

COLE, J. The sole question in this case relates to the sufficiency of the complaint. Omitting the formal parts, the complaint states, in substance, that on or about the 15th day of July, 1876, the defendant, its agents, servants and employees, knowingly, negligently and carelessly allowed State street to become incumbered and obstructed by an exhibition of wild animals upon the same, to wit, two large cinnamon-colored bears; that said exhibition, so authorized, permitted and sanctioned by the defendant, its agents, etc., was calculated to obstruct and incumber the streets, to frighten teams, and to endanger the lives and property of persons traveling upon the street; that, on said 15th day of July, the city licensed one Lenox Carr to give a bear show — the defendant well knowing the dangerous character of the exhibition, and that the lives and property of the public would be jeopardized thereby; and that, while exhibiting under said license, the said Carr obstructed and incumbered the street with his wild animals, which animals frightened the team of the plaintiff traveling on the street, rendering it unmanageable, and caused the injury to the plaintiff's wife, of which he complains.

These are the material allegations upon which the responsibility of the city must rest; and the question is: Do they not state an actionable injury? It seems to us that they do.

They show that the agents of the city not only knowingly and carelessly allowed one of its principal streets to become obstructed by an exhibition of wild animals therein, which exhibition was calculated to produce injury to persons lawfully traveling along the street, but it is alleged that such exhibition was authorized and sanctioned by the city. Now, if such were the facts, can there be a doubt as to the liability of the city for the injury, both on the ground that it failed to perform its legal duty of keeping the street free from all dangerous obstructions and nuisances, and upon the other ground, that the exhibition was authorized? We should certainly hesitate to sanction the principle that a municipal corporation might knowingly and unnecessarily permit or authorize a nuisance or dangerous obstruction to be placed in one of its streets, without being answerable for damages occasioned thereby. Such a rule would be in conflict with all the adjudications of this court holding towns and cities liable for injuries sustained in consequence of defective streets and sidewalks.

It is said the complaint does not state that the city had due and sufficient notice of this exhibition. This is a mistake. We have referred to the allegations of the complaint, which state that the agents of the city knowingly and carelessly allowed the street to be obstructed by the exhibition, and that such exhibition was authorized. It is to be hoped that these allegations of misconduct on the part of the officers and agents of the city will not be sustained by proof; but if they should be, it is difficult to perceive upon what principle the city would be exonerated from liability for their misfeasance or nonfeasance in respect to this exhibition.

*By the Court.* — The order of the circuit court sustaining the demurrer is reversed, and the cause remanded for further proceedings.