### McCARTHY v. VILLAGE OF MUNISING.

MUNICIPAL CORPORATIONS—STREETS—NEGLIGENCE—HORSE RACING.

> Under 1 Comp. Laws, § 3441 *et seq.*, requiring municipal corporations to keep their streets in condition reasonably safe and fit for travel, a village is not liable for personal injuries caused by permitting horse racing on a street which was in proper condition and safe for travel.

Error to Alger; Steere, J. Submitted April 14, 1904. (Docket No. 63.) Decided May 31, 1904.

Case by Timothy McCarthy against the village of Munising for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

The declaration in this case alleges that on a certain day, in the above village, the officers of the village permitted four horses to race on one of its streets, said horses being ridden by one man each; that one of the said horses ran against the plaintiff, and injured him. It is claimed that the defendant, by its officers, approved this use of the street, and thereby rendered it unsafe for travel.

In his opening statement, the attorney for the plaintiff stated that he offered to show that the defendant, by its officers and agents, permitted and allowed horse racing in said public street; that the proposed race was well known to the officers and agents of the village for some time prior to the race; that the race actually took place; that one of the horses ran against plaintiff, knocking him down; that plaintiff brought this action under chapter 91, 1 Comp. Laws, to recover damages for the failure to keep the streets of the village safe and fit for travel; that the officers were guilty of negligence in allowing said horse racing; and that the negligence of the officers was the negligence of the village. Upon this statement, the court directed a verdict for the defendant.

*John E. Mills,* for appellant.

*Cornelius F. Donahoe,* for appellee.

Grant, J. *(after stating the facts).* The statute does not cover cases of horse racing in a municipality, though permitted by the officers of the village. The street was in proper condition and safe for public travel. There is no claim made in this case that the common council had passed an ordinance forbidding the use of the street. If such an ordinance had been passed, and other officers of the village had permitted the horse racing in violation

of the ordinance, this would not make the village itself liable.

The judgment is affirmed.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred. MONTGOMERY, J., took no part in the decision.